[No. 1499, November 7, 1912.]

# THE ACEQUIA MADRE, et al., Appellants, v. FERD-INAND MEYER, et al., Appellee.

## SYLLABUS (BY THE COURT).

1. Appellee cannot secure the dismissal of an appeal and affirmance of the judgment of the lower court, under sec. 21, chap. 57, S. L. 1907, as amended by sec. 2, chap. 120, S. L. 1909, without filing three copies of the transcript of record, as required by said section.

2. Appellant can not, in the face of a motion to dismiss the appeal and affirm judgment, well taken, dismiss the appeal, and cut off appellee's right to an affirmance, given him by the statutes.

3. Upon the failure to assign error, and file a copy of such assignment of error with the clerk of the supreme court, and serve the opposite party as required by sec. 21, chap. 57, S. L. 1907, the appeal will be dismissed and the judgment of the lower court affirmed, in the absence of any showing, excusing the default.

Appealed from the District Court of Taos County.

## OPINION OF THE COURT.

HANNA, J.—On February 23rd appellants applied for and were granted an appeal to the supreme court, from a judgment entered by the district court of Taos county on the 2nd day of December, 1911. Appellants failed to file a transcript of record and proceedings prior to the return day, as required by sec. 21, chap. 57, S. L. 1907, at amended by sec. 2, chap. 120, S. L. 1909; said return day being the 2nd day of July, but sent to the clerk on the 5th day of July said transcript, which however was not filed until July 19th, as the required fees did not accompany the same. On July 19, appellee filed a motion to dismiss the appeal and affirm the judgment, because of the failure to file the transcript within the time limited.

Appellants also failed to assign errors and serve a copy

of such assignment on appellees, and file a copy with the clerk of the supreme court on or before the return day, as required by section 21, of chap. 57 supra. Because of such failure, appellees moved to dismiss the appeal and affirm the judgment. Thereafter appellants filed a dismissal of the appeal.

Three questions are presented for our determination.

1. Can an appellee secure the dismissal of an appeal and the affirmance of the judgment of the lower courts, without filing three copies of the transcript of record, as required by sec. 2, chap. 120, S. L. 1909?

2. Can the appellee, in face of a motion for affirmance, well taken, dismiss the appeal, and cut off appellee's right to an affirmance, granted him by the statute?

3. Shall the judgment be affirmed, for failure to assign errors, and file copy of such assignment of error with the clerk of the supreme court, and serve the opposite party, as required by sec. 21, chap. 57 supra, in the absence of any showing excusing the default?

Sec. 21, as amended, requires the appellant to file in the office of the clerk of the supreme court, at least ten days before the return day of any writ of error or appeal, as perfect and complete a transcript of the record and proceedings in the cause as may be necessary to enable the court to properly review it, and then proceeds:

"If he fail to do so the appellee or defendant in error may produce and file in the supreme court at any time after such return day, three copies of a written or printed transcript containing the judgment or order allowing the appeal therefrom and may move to docket said cause and affirm said judgment; and if it appear from said transcript that a judgment was rendered in said cause and that an appeal or writ of error has been taken or sued out therefrom, the court shall affirm said judgment, unless good cause be shown to the contrary."

The section also provides for an extension of time within which to file the transcript, and the method by which it may be obtained, but as no application was made for, or extension granted, we need not incorporate that portion of the section in this opinion.

The appellee did not file the copies of the transcript. as required by the section, but withheld their motion to affirm, until after appellants had filed the transcript. While the act·requires diligence on the part of the appellant, in perfecting his appeal, we think it requires equal diligence on the part of appellee, and that it should not be so construed, as to permit appellees to await the filing· of the transcript by the appellants, and then move for an affirmance. It is a harsh remedy, designated to secure diligence, and a speedy determination of litigation, and. if appellee does not avail himself of the provision of the act, by a strict compliance therewith, he waives the benefits conferred. If he elects to take advantage of the default of the appellant, he must do so before the default has: been cured, by a compliance on his part with the requirements of the section. The statute does not give him the right to an affirmance, upon the incoming of the tardy transcript, but only in case he files three copies of the·· transcript, and these he must file before the appellant has cured his default, if he desires to profit thereby. That this is the proper construction is made clear by the proviso at the end of said sec. 2, which authorizes the supreme court, or the judge of the district court where· such judgment was rendered, etc., to grant to the appellant or plaintiff in error, further time to file a com-· plete transcript, even though the time to file the same may have expired. It is clear therefore, that the judgment· should not be affirmed, because of the failure to file transcript within the time limited; appellees not having taken advantage of such default, as required by said section 2.

Can the appellants, when confronted by a motion for affirmance, well taken under the statute, dismiss· their appeal, thereby preserving their right to a subsequent appeal? The question must, we think, be answered in the negative. The appellees, having recovered a judgment in the lower court, are vitally interested in the final determination of the litigation. The statute, conferring upon appellants, the right to appeal, prescribes the manner and method by which such right may be exercised, and in two instances, in case of default by appellants in pursuing the method prescribed, the appellee-

is given the right to end the litigation, by securing an affirmance of the judgment of the lower court. Should the appellants be permitted to cut off this statutory right, by dismissing their appeal, when appellees have driven them to the point where such dismissal is the only recourse by which they can escape the consequences of their failure to comply with the statute. To so hold would mean endless delay, and would render nugatory the provisions of the statute, designed to secure a speedy determination of litigation. An appellant may dismiss his appeal, unquestionably, as a matter of course, if such dismissal will not prejudice the rights of the appellee, "but broad as is the right of the appellant to dismiss, he will not be permitted to exercise it to the manifest injury of the appellee." Elliott's Appellate Procedure, sec. 534. To permit a dismissal under the present circumstances would, we think, be to the manifest injury of appellees, if either ground of the motion for affirmance is well taken. Of course had appellants filed the dismissal, prior to the motion for affirmance, no question could, we apprehend, be raised as to the right to dismiss, but to permit the dismissal, after the appellee has acquired the right to an affirmance, by his diligence, would be to deprive him of a legal right which he has acquired under the statute. This same principle was announced by the Missouri Court of Appeals, in the case of Thoms v. Sullivan, 79 Mo. App. Reports, 384, where the court says:

"This appeal plaintiff has wholly failed to prosecute for which reason defendants have moved for an affirmance of the judgment, as provided by section 2252, Revised Statutes, 1889. To escape the consequence of his neglect to prosecute his appeal, plaintiff has wired the court that he dismisses the appeal 'to avoid an affirmance.' It seems to us that to allow the plaintiff to dismiss an appeal which he has taken no steps to bring here, after the defendant has in all respects complied with the provisions of section 2252, supra, to entitle him to an affirmance would be to deprive the defendants of a legal right which they have acquired, by their diligence, and at the same time would privilege the plaintiff to escape the legal consequences

which he has incurred by reason of his negligence, for, should the appeal be dismissed, he, by writ of error, may have the errors of the circuit court reviewed, and in this way defeat the penalty imposed, by the statute, for failure to prosecute the appeal."

And in the case of Dunlap v. Weber Gas & Gasoline Engine Co., 94 S. W. 761, the Kansas City Court of Appeals says:

"Plaintiff having failed to comply with the statutes and rules of this court in the prosecution of his appeal, defendant, on motion, was entitled to an affirmance of the judgment, since no good cause excusing the failure appears in the facts before us. Plaintiff's motion to dismiss being filed after the motion to affirm was filed, can not deprive defendant of the right to an affirmance which became complete on the filing of its motion, together with the certified copy of the judgment and appeal order."

Under sec. 21, chap. 57, S. L. 1907 supra, in the absence of a showing of good cause for the failure to file and serve the assignment of error, appellee was entitled to an affirmance. No showing whatever has been made, or even attempted, for the failure to file and serve the assignment of error, and in the absence of such showing, upon default, appellee's right to an affirmance became complete and could not be divested by a dismissal of the action.

3. Sec. 21, chap. 57, S. L. 1907, after providing for the filing and service of the assignment of errors, continues:

"In default of such assignment of error and filing the same the appeal or writ of error may be dismissed and the judgment affirmed, unless good cause for failure be shown." Our territorial supreme court has held repeatedly that upon failure to file and serve the assignment of error, as required, and within the time limited, the appellee or defendant in error is entitled to a dismissal and affirmance, if advantage be taken of such default before it is cured; in the absence of a showing of good cause for such failure. See Lamy v. Lamy, 4 N. M. 29, where the subject is fully discussed. See also the recent case of Gil-

bert v. Lund, decided at the present term of this court, and not yet reported, where we say:

"The appellee, having filed his motion to dismiss, after default of appellant in filing a copy of his assignment of error, and before such default had been cured by filing such assignment of error, and no good cause having been shown for the failure to comply with the provisions of the statute, the motion to dismiss the appeal was well taken, and must be sustained."

The statutory provisions upon appellate procedure are simple and plain and a compliance therewith should not be a difficult matter. In the event of a failure to conform thereto, in regard to filing assignment of error, the court is not required or authorized to dismiss the appeal and affirm the judgment, if good cause be shown for such failure. In the present case the appellants have made no showing whatever as to the cause of the default. They content themselves with the dismissal filed, and having failed even to submit a brief in support of their right to dismiss, in face of the motion to affirm. The court would much prefer, in all cases, to decide litigation upon its merits, and it is always a matter of regret when attorneys fail to follow plain statutory provisions as to procedure, thereby precluding the court from so doing. The court is bound by the statute and can only relieve appellants from its penalty upon a showing of good cause. If litigants will not comply with the plain requirements of the statute they must suffer the consequences imposed by such failure.

For the reasons stated appellants' motion to dismiss will be denied. Appellees' motion to dismiss the appeal and affirm the judgment, for failure on the part of appellants to serve and file copies of his assignment of error will be sustained, and it is so ordered.