[No. 1557, June 20, 1913.]

FRANK A. HUBBELL, Appellee, v. JUSTO R. AR-MIJO, Appellant.

### SYLLABUS (BY THE COURT)

1. The appellant has no right to dismiss his appeal in the face of a motion for affirmance well taken.

P. 69

2. The fact that appellant's attorney has been busily engaged with other matters does not constitute "good cause" for failure to file and serve assignment of error as required by Sec. 31, C. 57, S. L. 1907.

P. 70

Appeal from the District Court of Bernalillo County; H. F. Raynolds, District Judge; affirmed.

HON. FRANK W. CLANCY, Santa Fe, for appellants.

Failure to obtain approval of bond is fatal to plaintiff's right to maintain this action. Mullery v. McCann, 95 Mo. 579, 583; Richards v. McMillan, 36 Neb. 352, 357-8; Mc-Millin v. Richards, 45 Neb. 786, 799; Holt Co. v. Scott, 73 N. W. 681; Kreitz v. Behrensmeyer, 24 L. R. A. 59, 63; Rounds v. Mansfield, 38 Me. 588; Rounds v. Bangor,

46 Me. 542; Andrews v. Covington, 69 Miss. 746-7; United States v. Eaton, 169 U. S. 331-334; United States v. LeBaron, 19 How. 78-79.

It was essential to plaintiff's title that he be commissioned by the Governor. United States v. LeBaron, 19 How. 78-9.

## OPINION OF THE COURT.

ROBERTS, C. J.—Appellant failed to assign error, and serve a copy of such assignment of error on the appellee, and also failed to file a copy of such assignment of error with the clerk of the Supreme Court on or before the return day of this appeal, as required by sec. 21, chap. 57, S. L. 1907. Appellee, on the 24th of April, 1913, filed a motion to dismiss the appeal and affirm the judgment of the lower court, because of such failure. Four days thereafter, appellant filed a written dismissal of the appeal. The question presented is,—Has the appellant the right to dismiss his appeal in the face of a motion for affirmance well taken? This question was answered in the negative by this court in the case of Acequia Madre v. Myers, 128 Pac. 68.

Appellant contends, however, that the motion for affirmance was not well taken, because of a showing made by his attorney excusing the default. The statute (sec. 21, chap. 57 supra) provides:

"In default of such assignment of error and filing the same the appeal or writ of error may be dismissed and the judgment affirmed, unless good cause for failure be shown."

In the case of Acequia Madre v. Myers, supra, this court said:

"Our territorial supreme court has held repeatedly that upon failure to file and serve the assignment of error, as required, and within the time limited, the appellee or defendant in error is entitled to a dismissal and affirmance, if advantage be taken of such default before it is cured, in the absence of a showing of good cause for such failure."

Here the only showing made is that appellant's attor-

ney is the Attorney General of the State, and has been busily engaged with other matters of importance, and overlooked filing the assignment of error. The pressure other business does not constitute "good cause" within the meaning of the statute.

In the case of Hilliard v. Insurance Co., decided at the present term of this court, and not yet reported, we say,

"It has been held that the fact that an attorney had 'so much to do,' is not a sufficient excuse by his failure to file his abstract and briefs as required by the rules of the court."

In that case the rule is laid down that a showing of "good cause," excusing a default in failing to file and serve copies of briefs within the time required by rule of court, requires a showing that such default occurred by reason of facts and circumstances not within the control of the defaulting party.

The rule announced is applicable to this case, and under it the showing made is not sufficient to excuse the default.

The motion for affirmance is therefore well taken, and will be granted.

### SYLLABUS (BY THE COURT)

