This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GREEN TREE SERVICING, LLC,**
**a foreign Limited Liability Company,**

　　　　Plaintiff-Appellee,

v.                                                                                   **NO. 32,527**

**BOZENA POPOVICH, JUAN HERRERA,**
**JR., and DENISE HERRERA,**

　　　　Defendants,
and

**JUAN HERRERA and MARILYN HERRERA,**

　　　　Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Daniel E. Duncan
Salt Lake City, UT

for Appellee

Alex Chisolm
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendants-Appellants Juan and Marilyn Herrera (Defendants) appeal from a judgment, writ of replevin, and order resolving the underlying proceedings in Plaintiff's favor. We issued a notice of proposed summary disposition, proposing to uphold the decision of the district court. Defendants have filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendants' assertions of error, we affirm.

**{2}** The underlying dispute concerns the purchase of a manufactured home. Below, Plaintiff-Appellee Green Tree Servicing LLC (Plaintiff) successfully demonstrated that it was in possession of and the holder of a note and security interest and that it was entitled to a judgment of foreclosure, writ of replevin, and order of assistance. [RP 293-96]

**{3}** On appeal Defendants have challenged the district court's ruling on two grounds. First, they contend that Plaintiff failed to provide adequate documentary proof of its authority to enforce the security agreement, insofar as Plaintiff did not present original or accurate copies of the power of attorney, servicing agreement, asset

2

purchase agreement, and/or securitization contract. [DS 5-6] Second, Defendants assert that the district court erred in rejecting an agency-based defense relative to the lender, Origen. [DS 6]

**{4}** With respect to the first issue, we explained in the notice of proposed summary disposition that Plaintiff appeared to have presented adequate proof of its authority, insofar as it provided copies of the relevant documents, which were duly authenticated by its director of document custody. *See generally* Rule 11-803(6) NMRA (providing that business records may be admitted); Rule 11-901(A), (B)(1) NMRA (providing that in order to authenticate a document, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is," which may be accomplished by a variety of methods including through the testimony of a witness with knowledge); *and see, e.g.*, *Roark v. Farmers Group, Inc.*, 2007-NMCA-074, ¶¶ 20-32, 142 N.M. 59, 162 P.3d 896 (discussing and applying the business records exception to the hearsay rule). We further noted that the significance of the asserted irregularities, including lack of pagination and certain omissions, was unclear and appeared to go only to the weight, rather than the admissibility, of the documents. *See generally Murken v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-080, ¶ 21, 140 N.M. 68, 139 P.3d 864 (distinguishing between arguments challenging the authenticity of a document and arguments challenging the accuracy of a document, and observing that the latter type of challenge does not go to admissibility, but to

3

weight).  We therefore proposed to hold that the district court acted well within its discretion in admitting the documents and giving them such weight as it did.  *See id.* (applying an abuse of discretion standard with respect to the district court's determination relative to the admissibility and weight afforded documentary evidence).

{5}     In their memorandum in opposition Defendants continue to argue that the documents should not have been "considered authentic or reliable or given any weight" in light of irregularities, principally including discrepancies relative to pagination.  Specifically, the seal on the power of attorney indicated that the document contained three pages, when a total of eight pages were actually presented.  [MIO 1-2] Additionally, the "trust documents" were not originals, the signature pages were not paginated, and due to the lack of sequential page numbering, the documents were allegedly incomplete. [MIO 2-3]   However, neither the docketing statement nor the memorandum in opposition indicate that these irregularities were substantive.  Whether the documents were or were not properly paginated seems a matter of relatively little significance.  With respect to both authentication and the ultimate assessment of probative value, so long as the custodian was able to verify that the documents were what they appeared to be, and so long as the contents of the documents established that Plaintiff was in possession of and the holder of the note and security interest, such that Plaintiff was entitled to the requested relief, the

4

documents were properly admitted and given such weight as the district court deemed appropriate. Nothing within Defendants' submissions to this Court reflect otherwise. We therefore remain unpersuaded by Defendants' first assertion of error.

{6} With respect to the second issue, we previously explained that insofar as the agency defense did not appear to have been mentioned until after the trial had concluded, when Defendants filed amended proposed findings and conclusions, [RP 278-83] the matter was not properly before the district court. *See Credit Inst. v. Veterinary Nutrition Corp.*, 2003-NMCA-010, ¶ 25, 133 N.M. 248, 62 P.3d 339 (observing that "[d]ue process still requires that the opposing party have notice and an opportunity to defend against the theory not stated in the pleadings" and specifically abjuring any prejudicial eleventh-hour shifting of the theory of the case). We also noted that Defendants did not appear to have presented clear evidence in support of such a theory. [RP 279, 284-85] *See, e.g.*, *Hansler v. Bass*, 106 N.M. 382, 386-87, 743 P.2d 1031, 1035-36 (Ct. App. 1987) (rejecting a claim of agency for lack of supporting evidence).

{7} In their memorandum in opposition Defendants suggest that insofar as the pretrial order is not paginated, it is unclear whether agency was duly raised. [MIO 3] However, the preservation requirement cannot be satisfied by such a vagary. *See generally Gallegos ex rel. Gallegos v. Sw. Comm. Health Servs.*, 117 N.M. 481, 486, 872 P.2d 899, 904 (Ct. App. 1994) (observing that, "to preserve an issue for appeal,

the party seeking to raise the issue must *affirmatively demonstrate* that the issue was raised below and a ruling of the trial court invoked on the issue" (emphasis added)). Defendants also contend that their allegations of "fraud" should be deemed sufficient to preserve the agency issue. [MIO 3-4] We disagree, insofar as the question of agency is a distinct and separate matter, to which general allegations of fraud relate neither directly nor implicitly. Defendants also suggest that their citation to *Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, ¶ 30, 140 N.M. 478, 143 P.3d 717, in their response to a motion for summary judgment should have been sufficient to raise the issue. [MIO 3] However, within this brief document Defendants noted that *Chavarria* was "not on point," failed to explain whether or how the question of agency should apply to the specific facts presented in this case, and did not indicate whether the salesperson should be characterized as the agent of Plaintiff or a third party such as Origen. [RP 217-221] As such, we do not regard this as sufficient to provide due notice that agency relative to Origen was an issue. *See generally Credit Inst.*, 2003-NMCA-010, ¶ 25 (providing that "[d]ue process still requires that the opposing party have notice and an opportunity to defend against the theory not stated in the pleadings"). Defendants further suggest that the agency issue was raised by virtue of witness testimony that Origen paid a commission to its agents. [MIO 4] However, as we previously noted in the notice of proposed summary disposition, in the absence of testimony indicating that Origen paid any commission to any relevant

6

person in this case, the vague testimony upon which Defendants rely is of no apparent probative value. Finally, Defendants contend that "even if the issue of agency was not perfectly anticipated and outlined . . . the underlying conduct was known to everyone and tried with the consent of all parties." [MIO 4] Simply stated, we disagree that such generalized knowledge could be regarded as sufficient to alert Plaintiff that claims and/or defenses based on an agency theory relative to a non-party (Origen) were at issue.

{8} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{9} **IT IS SO ORDERED.**


_____
                                   **LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____
**JAMES J. WECHSLER, Judge**