This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**EL CASTILLO RETIREMENT RESIDENCES,**

Plaintiff-Appellant,

v.                                          **NO. A-1-CA-37494**

**GUS MARTINEZ, Santa Fe County Assessor, and BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF SANTA FE,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**David K. Thomson, District Judge**

Jones, Snead, Wertheim & Clifford, P.A.
Jerry Todd Wertheim
Jenny F. Kaufman
Jiadai Lin
Santa Fe, NM

for Appellant

Bridget Jacober
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** We withdraw the opinion filed in this case on February 4, 2019, and substitute the following in its place. We grant the motion to correct the opinion.

**{2}** Appellant appeals from the district court's order granting summary judgment and dismissal in favor of Appellees. This Court filed a calendar notice proposing summary affirmance. We received Appellee's memorandum in support of the proposed disposition, Appellant's memorandum in opposition (MIO) to summary affirmance, Appellant's motion to withdraw the appeal, Appellee's motion to strike the MIO, and Appellee's response in opposition to dismissal of the appeal, and have considered the same. We deny Appellees' motion to strike the MIO. We also deny Appellant's motion to withdraw the appeal and proceed with summary affirmance of the district court's order.

**{3}** Appellant's docketing statement challenged whether the exemption for property interests provided for by NMSA 1978, Section 7-36-3(B) (2006), is limited to property a governmental entity has an ownership interest in pursuant to Article VIII, Section 3 of the New Mexico Constitution. [DS 8] Appellant argued that interpreting Section 7-36-3(B) as being limited by the Constitution renders the plain meaning of that statute meaningless. [Id.] Relying on our Supreme Court's holding in *El Castillo Retirement Residences v. Martinez*, as controlling authority, our calendar notice

proposed to conclude that Article VIII, Section 3 limits the Legislature's power to exempt property from taxation, and because there is no constitutional authority for the Legislature to exempt real property by statute, like NMSA 1978, Section 7-36-7(B)(1)(d) (2008), Section 7-36-7(B)(1) cannot grant exemptions outside those authorized by Article VIII, Section 3. [CN 3-4] *El Castillo Retirement Residences v. Martinez*, 2017-NMSC-026, ¶¶ 29-30, 401 P.3d 751.

{4}     Appellant does not assert any error in fact or law, or otherwise oppose the proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement but not contested in a memorandum in opposition are abandoned). Rather, Appellant moves to dismiss the appeal by order and to allow the judgment below to stand as decided without entry of a memorandum opinion. [Motion 1-2, 8; MIO 3, 8] In the alternative, Appellant requests assignment to the general calendar for full briefing on the constitutional question. [MIO 8; Motion 8]

{5}     Appellees, on the other hand, agree to dismissal of the appeal on the condition that this Court enter a memorandum opinion summarily affirming in accordance with the proposed disposition. [MIS 1] Appellees assert that contrary to Appellant's

3

assertion, they do not seek a declaration on the constitutionality of Section 7-36-3(B), but request a memorandum opinion adopting the analysis in the proposed disposition addressing the application of Section 7-36-3(B) to the undisputed facts of the case. [Response 5]

{6}     Appellant submits that permitting dismissal of the appeal by order alone, and without a memorandum opinion, avoids any future dispute over the meaning and legal force of the "un-litigated memorandum opinion." [MIO 4] Appellant further asserts that adopting the proposed summary disposition to affirm without full appellate review would create persuasive authority that Article VIII, Section 3 renders Section 7-36-3(B) unconstitutional as written. [MIO 4-5] We disagree.

{7}     First, there should be no dispute as to the propriety of our summary disposition of the case or the precedential value of the resulting memorandum opinion. "The summary calendar allows us to dispose of certain cases in an expeditious manner." *Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341. And when the facts are not disputed, a case may appropriately be decided on the Court's summary calendar. *See Taylor*, 1996-NMCA-111, ¶ 1; *State v. Hearne*, 1991-NMCA-046, ¶ 32, 112 N.M. 208, 813 P.2d 485 (pointing out that, when facts are undisputed and application of legal principles is clear, a case is appropriately decided on the summary calendar). The docketing statement takes the place of full briefing when a case is decided on the summary calendar. *See State ex rel. N.M. Highway & Transp.*

*Dep't v. City of Sunland Park*, 2000-NMCA-044, ¶ 15, 129 N.M. 151, 3 P.3d 128 ("[T]he docketing statement . . . , which a party files in advance of assignment of his [or her] case to one of the Court's three dispositional calendars, . . . takes the place of full briefing when a case is decided on the Court's summary calendar."). Thus, while the summary disposition disposes of the legal and factual issues on appeal as between the parties, and "may be cited for any persuasive value," it is not precedential authority for other cases. Rule 12-405(A) NMRA ("It is unnecessary for the appellate court to write precedential opinions in every case. Disposition by order, decision or memorandum opinion does not mean that the case is considered unimportant. It does mean that the disposition is not precedent.").

{8}     Second, we emphasize that our proposed disposition does not decide the constitutionality of Section 7-36-3(B). Rather, the calendar notice addresses whether Section 7-36-3(B) is limited by Article VIII, Section 3. [CN 3-4] While Appellant's docketing statement argued that interpreting Section 7-36-3(B) as being limited by Article VII, Section 3, would render the plain meaning of the statute unconstitutional [DS 8], we merely applied controlling precedent to the undisputed facts of the case in holding that because the Legislature has been given no constitutional authority to enact a statute exempting real property from taxation, Section 7-36-3(B) cannot be interpreted to grant exemptions that are not authorized by Article VIII, Section 3. [CN 3-4] *See El Castillo Ret. Residences*, 2017-NMSC-026, ¶¶ 29-30. Although the

5

constitutional and statutory claims as raised and argued in the docketing statement are necessarily intertwined, the proposed disposition does not consider either a facial or as applied constitutional challenge to the statute. *See Bounds v. State ex rel. D'Antonio*, 2013-NMSC-037, ¶ 14, 306 P.3d 457 ("Generally, in a facial challenge to a statute, we consider only the text of the statute itself, not its application; whereas, in an as-applied challenge, we consider the facts of the case to determine whether application of the statute even if facially valid deprived the challenger of a protected right." (alterations, internal quotation marks, and citation omitted)).

**{9}**     Lastly, Appellees do not stipulate to the dismissal of the appeal. [Motion 2-3; Response 2] *See* Rule 12-401(B)(1) NMRA ("Prior to entry of disposition, if all of the parties affected by an appeal or other proceeding sign and file with the appellate court clerk an agreement that the same be dismissed, an order of dismissal shall be entered and mandate or other process of the court shall issue immediately."). Under these circumstances, this Court has discretion to dismiss an appeal on our terms or on those agreed upon by the parties. *See* Rule 12-401(B)(2) ("An appeal or other proceeding *may* be dismissed by the appellate court after motion by the appellant or party instituting the proceeding and upon such terms as are fixed by the appellate court or agreed upon by the affected parties." (emphasis added)). However, absent Appellees' stipulation, we deny Appellant's motion to dismiss the appeal, as this would prejudice the rights of Appellee "to end the litigation by securing an affirmance of the judgment

6

of the lower court." *Acequia Madre v. Meyer*, 1912-NMSC-044, ¶ 10, 17 N.M. 371, 128 P. 68 ("[H]ad appellants filed the dismissal prior to the motion for affirmance, no question could, we apprehend, be raised as to the right to dismiss; but to permit the dismissal after the appellee has acquired the right to an affirmance by his diligence would be to deprive him of a legal right which he has acquired under the statute.").

{10} We clarify that Section 7-36-3(B) must be read in light of Article VIII, Section 3 of the New Mexico Constitution. *See El Castillo Ret. Residences*, 2017-NMSC-026, ¶ 25 ("A statute must be interpreted and applied in harmony with constitutionally imposed limitations."); *see also Zhao v. Montoya*, 2014-NMSC-025, ¶ 14, 329 P.3d 676 ("The Legislature's inherent authority and discretion to exercise the State's power of taxation is plenary except in so far as limited by the Constitution." (internal quotation marks and citation omitted)). We conclude that Appellant is not entitled to property tax exemptions under Section 7-36-3(B) because it, and not the city, owns the subject property. *See Sims v. Vosburg*, 1939-NMSC-026, ¶ 4, 43 N.M. 255, 91 P.2d 434 (relying on Article VIII, Sections 1, 3, and 5 in stating that "[a]ll tangible property in New Mexico is subject to taxation in proportion to value, and should be taxed, unless specifically exempted by the constitution or by its authority").

{11} For all of these reasons, and those stated in the proposed disposition, we affirm.

{12} **IT IS SO ORDERED.**

               _____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Chief Judge**

_____

**JULIE J. VARGAS, Judge**