1998-NMCA-162

968 P.2d 341

**Lynn UDALL, Petitioner–Appellee,**

v.

**Gary TOWNSEND, Respondent–Appellant.**

No. 19243.

Court of Appeals of New Mexico.

Oct. 1, 1998.

Jonathan Morse, Santa Fe, for Appellee.

Gary Townsend, Albuquerque, pro se Appellant.

## OPINION

ALARID, J.

{1} Gary Townsend (Father) appeals an order on his motion to reduce child support. After one assignment to the summary calendar, the appeal was assigned to the general calendar for full briefing. Because no brief-in-chief was timely filed, this Court issued an order to show cause in writing why the appeal should not be dismissed for failure to file a brief-in-chief. Father's response is unpersuasive. Therefore, we dismiss the appeal.

■ {2} Father argues that this Court has before it sufficient argument, authority, and facts in order to reverse this case on the summary calendar. Therefore, he argues, this Court is required to decide his appeal on the summary calendar. Father has a basic misunderstanding regarding this Court's calendaring process.

■ {3} Our calendaring procedure allows us to sort the cases that come to us on appeal, separating those with a clear disposition from those without one. This allows for the best use of the Court's resources, quickly disposing of those cases whose disposition is clear, thus making available more time to be spent on those cases without a clear disposition. The summary calendar allows us to dispose of certain cases in an expeditious manner. *See* Rule 12–210(D) NMRA 1998 (describing procedure for summary calendar). It is used to decide those cases where "'the application of legal principles to the facts involved is clear and where no genuine issue of substantial evidence is involved.'" *Garcia Lopez v. State*, 107 N.M. 450, 450, 760 P.2d 142, 142 (1988) (quoting *State v. Anaya*, 98 N.M. 211, 212, 647 P.2d 413, 414 (1982)). "In determining whether a case should be assigned to the summary calendar, a key consideration is whether the Court can obtain sufficient information about the facts of a case from the record proper, the docketing statement, and the parties' memoranda." *State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct.App.1993). If we believe that the facts contained in the docketing statement are sufficient to enable us to resolve the issues raised, then the case will be assigned to the summary calendar with an appropriate disposition. *Id.* While we rely in large part upon the appellant's statement of the facts, if the record shows otherwise, we will not accept that factual recitation. *State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct.App.1978). However, there still may be sufficient information to determine the issues on the summary calendar. Thus, if we believe that we have sufficient information for a clear disposition of the issues, the

case will be assigned to the summary calendar.

{4} Nevertheless, in any case where there is some question regarding the facts material to the appeal, whether the record shows something else or the appellee asserts that the facts are not as stated, the case is assigned to the general calendar so that we may review the transcript in order to ascertain the facts. Thus, where we have before us during calendaring conflicting statements of material facts, the case will be assigned to the general calendar. We note, however, that where a party's assertion of the facts is found, on the general calendar, to have been a clear misrepresentation of the record, sanctions may be forthcoming. *See In Re Robert Richards, Esq.*, 1997–NMSC–035, 123 N.M. 579, 943 P.2d 1032.

{5} This conflict in factual assertions is not, however, the only reason that we assign cases to the general calendar. There are, of course, some issues of first impression that require examination of authorities from other jurisdictions. These cases do not normally lend themselves to decision on the summary calendar. Thus, such cases will generally be assigned to the general calendar. *But see Garrison v. Safeway Stores*, 102 N.M. 179, 180, 692 P.2d 1328, 1329 (Ct. App.1984) (if the law and the facts are clear, an issue of first impression may be decided on the summary calendar). In some cases, it is simply more expeditious to assign the case to the general calendar. Where the case is complicated, either because of the facts or the related law, it is easier to decide the case with full access to the record and briefing by the parties, rather than assigning the case to several summary calendars with different dispositions, which requires the parties to continue to respond. *See Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct.App. 1993) (failure to respond to a calendar notice constitutes acceptance of the proposed disposition).

{6} The foregoing is not a complete catalog of reasons why we assign cases to the general calendar. There are any number of reasons why a case does not have a clear disposition and, thus, cannot be decided on the summary calendar.

{7} Father argues that he was entitled to have his appeal decided on the summary calendar and that our assignment to the general calendar was an arbitrary act. Neither due process nor equal protection requires assignment to one calendar or the other. *See Ibarra*, 116 N.M. at 487–90, 864 P.2d at 303–06. Nor is a party entitled to a particular calendar assignment. Further, it is neither necessary nor appropriate to provide reasons for assigning it to the general calendar. Insofar as Father argues that his absolute right to one appeal is being affected by the assignment to the general calendar, he is mistaken. The right to an appeal can be controlled by appellate court procedural rules. *See Olguin v. State*, 90 N.M. 303, 305, 563 P.2d 97, 99 (1977). The assignment to a particular calendar is simply an appellate procedure governed by rule. It does not take away any right to an appeal. Rather, it simply facilitates the appeal.

{8} Once a case is assigned to the general calendar, the transcript of proceedings is forwarded to this Court. Rule 12–210(B)(1) NMRA 1998. Forty-five days thereafter, a brief-in-chief is to be filed. Rule 12–210(B)(2) NMRA 1998. Here, the transcript was duly filed. However, no brief-in-chief has been filed. Father asserts that he does not have to file one. However, once his case was assigned to the general calendar, the only way that this Court could consider his issues was upon a brief. We do not consider arguments made in the docketing statement or any memoranda in opposition to proposed summary calendars. *See State v. Gonzales*, 111 N.M. 590, 594, 808 P.2d 40, 44 (Ct.App. 1991).

{9} We note that Father is representing himself on appeal. This fact, however, does not excuse any failure to comply with our rules of procedure. *See Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar).

{10} Father's reasons for failing to file a brief-in-chief are unpersuasive. Therefore,

we dismiss his appeal for failure to file a brief-in-chief.

{11}   IT IS SO ORDERED.

HARTZ, C.J. and BUSTAMANTE, J., concur.