This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 34,872**

**DAVID ROSALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law Office of Monnica L. Garcia, LLC
Monnica L. Garcia
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}    Defendant David Rosales appeals following the denial of his motion to suppress evidence on June 21, 2013, and his jury trial convictions on October 3, 2014, for trafficking by distribution and trafficking by possession with intent to distribute. [DS 1–2; RP 79, 137] This Court issued a notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}    Defendant first argues in his memorandum in opposition that this Court erred in proposing to conclude that the district court did not err in denying Defendant's motion to suppress evidence based on lack of probable cause. [MIO 1] In support of this argument, Defendant asserts that the only basis for the stop and arrest of Defendant was the hand signal by the confidential informant (CI) after the controlled drug buy, and that this Court inferred facts not in evidence to reach its proposed conclusion. [MIO 2] Defendant also argues that the hand signal could not have provided probable cause for arrest because of the lack of evidence about the meaning of the hand signal. [MIO 2–3] We disagree.

{3}    Defendant's memorandum characterizes this Court's notice of proposed disposition as relying heavily on the CI's hand signal to Irwin as the basis for our proposal to affirm the district court. [MIO 2] However, this Court's notice of proposed disposition lists numerous facts gleaned from Defendant's docketing statement and

from the district court's order, so we need not repeat them here. [*See* CN 4–7] We note that factual recitations in the docketing statement are accepted as true unless the record on appeal shows otherwise. *See State v. Calanche*, 1978-NMCA-007, ¶ 10, 91 N.M. 390, 574 P.2d 1018; *see also State v. Ibarra*, 1993-NMCA-040, ¶ 10, 116 N.M. 486, 864 P.2d 302 (stating that "[t]he facts contained in the docketing statement are accepted as the facts of the case unless they are challenged."). Rather than explain why the facts in the district court's order or Defendant's own docketing statement are not supported by substantial evidence or do not support the existence of probable cause, Defendant's memorandum in opposition focuses instead on the deficiency of the CI's hand signal on its own to support a determination of probable cause. [MIO 2–3] Because Defendant's memorandum in opposition does not respond to the facts noted in our proposed disposition and does not demonstrate how, based on all of those facts, Defendant's arrest was not supported by probable cause, we conclude the officers had probable cause to arrest Defendant. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4} Defendant also argues that exigent circumstances did not exist, because no officer testified about exigency. [MIO 3] As we noted in our proposed disposition, an

3

arrest pursuant to a situation where probable cause was developed on the scene "will usually supply the requisite exigency" because in such situations it would not be "reasonably practicable" to get a warrant. *State v. Paananen*, 2015-NMSC-031, ¶¶ 26-27, 357 P.3d 958. Our Supreme Court has also acknowledged that most cases involving vehicles will involve exigent circumstances. *See State v. Gomez*, 1997-NMSC-006, ¶ 44, 122 N.M. 777, 932 P.2d 1; *see also State v. Contreras*, 2003-NMCA-129, ¶ 15, 134 N.M. 503, 79 P.3d 1111 ("[A] moving car on a public roadway presents an exigent circumstance[.]"). In the present case, Defendant arrived in a car, remained in the car during the controlled buy, and started to leave the scene after completion of the controlled buy and the CI's hand signal. [RP 80, 82; DS 5–6] Based on these facts, we conclude Defendant's arrest occurred under exigent circumstances.

{5}     To the extent Defendant argues that his case should be assigned to the general calendar, because it would be unfair to Defendant to summarily resolve his case where his co-defendant's case was affirmed on the general calendar, we remind Defendant "[o]ur courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy*, 1998-NMCA-036, ¶ 24. Because Defendant has not pointed out any errors in fact or law, the facts are undisputed, and the application of legal principles is clear, we decline to prolong this appeal by assigning it to the general calendar. *See State v.*

4

*Hearne*, 1991-NMCA-046, ¶ 32, 112 N.M. 208, 813 P.2d 485 (pointing out, when facts are undisputed and application of legal principles is clear, a case is appropriately decided on summary calendar); *see also Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341 ("The summary calendar allows us to dispose of certain cases in an expeditious manner. . . . In determining whether a case should be assigned to the summary calendar, a key consideration is whether the Court can obtain sufficient information about the facts of a case from the record proper, the docketing statement, and the parties' memoranda. If we believe that the facts contained in the docketing statement are sufficient to enable us to resolve the issues raised, then the case will be assigned to the summary calendar with an appropriate disposition." (citations omitted)). Finally, the fact that Defendant's co-defendant's appeal was decided against him on virtually identical facts militates in favor of resolving this case on the summary calendar. *See State v. Hunt*, No. 33,716, mem. op. (N.M. Ct. App. May 17, 2016) (non-precedential).

{6}     Defendant next argues that his convictions were not based on substantial evidence, because he was not properly identified at trial. [MIO 6–7] In support of this argument, Defendant asserts that Officer Higdon, whose testimony was the basis of the in-court identification, could not remember whether he was the officer who took Defendant into custody, and that he "believe[d]" Defendant was the person from

5

whose pocket he retrieved the controlled buy money. [MIO6–7; DS 8] As we noted in our proposed disposition, "[i]n reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "This court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 (internal quotation marks and citation omitted). Because we do not re-weigh evidence, we conclude that Officer Higdon's testimony that he believed Defendant was the person from whose pocket he retrieved the controlled buy money was sufficient to identify Defendant. Thus, Defendant's convictions were supported by substantial evidence.

{7}     Finally, Defendant continues to argue that his convictions for trafficking by distribution and trafficking by possession with intent to distribute violate the prohibition against double jeopardy. [MIO 7–8] As we noted in our proposed disposition, multiple convictions for trafficking do not violate double jeopardy, because the various means of trafficking defined in the statute indicate legislative intent to authorize prosecution for each of the various means. *See  State v. Borja-Guzman*, 1996-NMCA-025, ¶ 13, 121 N.M. 401, 912 P.2d 277; NMSA 1978, §30-31-

6

20 (2006) (defining trafficking as (1) manufacture; (2) distribution, sale, barter, or giving away of; or (3) possession with intent to distribute a controlled substance.) [CN 12–13] Defendant argues that the facts of his case are closer to those in *State v. Quick*, 2009-NMSC-015, ¶ 2, 146 N.M. 80, 206 P.3d 985, in which our Supreme Court held that the defendant's convictions for possession of methamphetamine and possession of methamphetamine with intent to distribute violated double jeopardy. [MIO 8]

**{8}** We disagree that *Quick* controls. The defendant's convictions in *Quick* were based on containers of various quantities of methamphetamine found in the defendant's room. *Id*. ¶ 3. The district court in *Quick* reasoned the separate quantities indicated that the defendant intended to distribute some of the methamphetamine and to keep some for personal use. *Id*. ¶ 4. Unlike in *Quick*, where the defendant's convictions were based on the same *actus reus* of possession, Defendant first engaged in a sale of methamphetamine to the CI and then was found in possession of additional methamphetamine, apparently packed for sale, at the time he was arrested. [DS 5, 7] Moreover, we note that *Quick* relates to a double-description type of double jeopardy violation. *Id*. ¶ 8. Here, Defendant's convictions call for a unit-of-prosecution analysis, because Defendant's convictions are based on the same statute. *See State v. Swick*, 2012-NMSC-018, ¶ 33, 279 P.3d 747 (applying a unit-of-prosecution analysis to multiple convictions under different subsections of the same statute). Therefore,

7

because the trafficking statute allows for separate units of prosecution for trafficking by distribution and trafficking by possession with intent to distribute, and Defendant's actions did not constitute a single course of conduct, we hold Defendant's convictions do not violate double jeopardy principles.

{9}     Accordingly, for the reasons articulated here and in this Court's notice of proposed disposition, we affirm.

{10}    **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Judge**


_____
**TIMOTHY L. GARCIA, Judge**

8