This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STEVEN CHRISTOFFEL,**

Plaintiff-Appellant,

v.                                                          **NO. 35,991**

**JACK CLOUD, as Planning Department Manager of the City of Albuquerque, and the CITY OF ALBUQUERQUE,**

Defendants-Appellees,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Steven G. Christoffel
Albuquerque, NM

Pro Se Appellant

City of Albuquerque
Jessica M. Hernandez, City Attorney
John E. Dubois, Assistant City Attorney
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Plaintiff has appealed from the denial of a Rule 1-060(B) NMRA motion for relief from a previously entered judgment dismissing his claims. We issued a notice of proposed summary disposition in which we proposed to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

{2}     We previously described the pertinent background and applicable principles of law in the notice of proposed summary disposition. We will avoid undue reiteration here. However, because the memorandum in opposition contains very little to distinguish it from the docketing statement, our analysis remains essentially unchanged.

{3}     Plaintiff continues to argue that the ordinances, statutes, and other authorities he cited should be regarded as newly discovered evidence. [MIO 3-27] We remain unpersuaded that these materials, which were previously available, could not have been discovered earlier by the exercise of due diligence. *See* Rule 1-060(B)(2).

{4}     We understand Plaintiff to continue to suggest inadvertence and fraud as grounds for relief. [MIO 3]  However, he provides no further elaboration. We therefore remain unpersuaded.

{5}     Plaintiff also appears to argue that the district court misapprehended his arguments, and as such, it should have reconsidered. [MIO 27-29] However, insofar

as Plaintiff's arguments essentially reiterated the arguments previously set forth and rejected, both by the district court and this Court in the course of the prior appeal, they were properly rejected as grounds for relief under the auspices of Rule 1-060(B). *See DiMatteo v. Cty. of Dona Ana*, 1989-NMCA-108, ¶ 25, 109 N.M. 374, 785 P.2d 285 (discussing the doctrine of law of the case); *Lenscrafters Inc. v. Kehoe*, 2012-NMSC-020, ¶ 47, 282 P.3d 758 (holding that where the movant failed to justify the need for the district court's reconsideration based on any of the allowable Rule 1-060(B) exceptions, the district court did not abuse its discretion in denying reconsideration).

{6}    Finally, we understand Plaintiff to contend that he should be granted some form of relief in order to facilitate supplementation with transcripts from the underlying proceedings. [MIO 29-31] However, because the record before us supplies all of the information necessary, and the transcripts with which Plaintiff seeks to supplement the record would have no impact upon our analysis, we reject Plaintiff's argument. *See Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341 (explaining that where the Court can obtain sufficient information from the record proper, the docketing statement, and the memoranda to enable it to resolve the issues, then assignment to the summary calendar is appropriate, notwithstanding the unavailability of transcripts).

{7}    Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{8}    **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**JULIE J. VARGAS, Judge**