This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                          **No. 35,825**

**JESSE J. TORRES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Pursuant to a conditional plea agreement, Defendant appeals from his DWI conviction. We previously issued a second notice of proposed summary disposition

in which we proposed to affirm. Defendant has filed a second memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} The pertinent background information was set forth in our first notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the second memorandum in opposition.

{3} Defendant continues to argue that the district court erred in denying his motion to dismiss premised on a violation of the six-month rule. [SMIO 1] In his first memorandum in opposition, Defendant asserted that trial counsel orally argued below that the magistrate court could have (1) held jury selection as scheduled on September 1, 2015, (2) scheduled the trial for a later date that month "days or even weeks after jury selection", and (3) heard Defendant's motions in between, thereby giving the State sufficient time to prepare a response. [MIO 3-5] In our second calendar notice, we erroneously construed Defendant's memorandum as raising an argument not preserved below. [CN 2] We agree with Defendant that we must accept assertions as to what arguments were preserved as true at this stage. [SMIO 2] *See Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341 (stating that the appellate court's will not accept the factual assertions in the docketing statement if the record on appeal shows otherwise). We nevertheless affirm.

{4} It is well established that, under double jeopardy principles, "the [s]tate is

barred from appealing when a defendant is acquitted by the trial court no matter how egregiously erroneous the trial court's ruling[.]" *State v. Lizzol*, 2007-NMSC-024, ¶ 15, 141 N.M. 705, 160 P.3d 886.  Further, "whether a defendant [is] acquitted depends on whether the trial court's ruling, however labeled, correctly or incorrectly resolve[s] some or all of the factual elements of the crime." *Id.* ¶ 7. Here, Defendant's motion to exclude sought the suppression of all of the evidence gathered as a result of his traffic stop; [RP 37-40] thus, an erroneous ruling thereon by the district court in Defendant's favor would have necessarily resolved all factual elements of his DWI charge and denied the State the right to appeal. *See Lizzol*, 2007-NMSC-024, ¶¶ 7, 15. Therefore, we hold that the district court did not err in refusing Defendant's invitation to deny the State its right to appeal the court's rulings on Defendant's motions. As we explained in our first calendar notice, the need for an extension was caused by Defendant, and so the State could not have protected against the loss of its right to appeal through "ordinary experience or prudence." *See* Rule 6-506 (NMRA) (committee commentary); *see also State v. Nunez*, 2000-NMSC-013, ¶ 28, 129 N.M. 63, 2 P.3d 264. ("In a jury trial, jeopardy attaches at the point when a jury is impaneled and sworn to try the case.").

{5}	As to the remaining issues on appeal, the second memorandum in opposition presents no new arguments. [SMIO 4]

{6} Accordingly, for the reasons stated above and in our notices of proposed summary disposition, we affirm.

{7} **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**M. MONICA ZAMORA, Judge**