This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.                                                                                      **No. 35,663**

**OSCAR OROPEZA,**

> Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     In his docketing statement, Defendant Oscar Oropeza challenged the district

court's denial of his motion for a new trial, based on the district court's conclusion

that Defendant failed to comply with the time requirements of Rule 5-614(C) NMRA, thereby depriving the district court of jurisdiction to rule on Defendant's motion for a new trial. [DS 7; 2 RP 358] We issued a notice of proposed disposition and proposed to summarily affirm. Defendant filed a response, which we have duly considered. Remaining unpersuaded, we affirm.

**Motions on Appeal**

{2}    In his response, Defendant asks this Court to assign the case to the general calendar, to reject the docketing statement, or to amend the docketing statement to include an issue that he "is currently being denied his constitutional right to appeal." [Resp. 1-2, 6, 8-9] We deny all three requests.

{3}    With respect to Defendant's motion to assign this case to the general calendar, we note that "[t]he summary calendar allows us to dispose of certain cases in an expeditious manner." *Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341. "In determining whether a case should be assigned to the summary calendar, a key consideration is whether the Court can obtain sufficient information about the facts of a case from the record proper, the docketing statement, and the parties' memoranda." *Id.* (internal quotation marks and citation omitted). "If we believe that the facts contained in the docketing statement are sufficient to enable us to resolve the issues raised, then the case will be assigned to the summary calendar with an

appropriate disposition." *Id.* In the present case, there was sufficient information to address the sole issue raised in the docketing statement. Therefore, we

deny Defendant's motion to reassign this case to the general calendar.

{4} With respect to Defendant's motion to reject the docketing statement, or in the alternative, to amend the docketing statement, Defendant asserts that he was represented by Jose Coronado during trial; following trial, Defendant filed self-represented motions for a new trial, to appoint counsel, and for release; Defendant's motions for a new trial and release were denied; and Jonathan Miller was appointed and represented Defendant at his sentencing hearing. [Resp. 3-4] The record reflects that Mr. Miller filed the notice of appeal and docketing statement in this case, which included a single issue for review pertaining to the denial of Defendant's motion for a new trial. [Resp. 4; DS 7] Appellate counsel contends that Defendant "is effectively being denied an appeal" because "trial counsel was removed [from the case] due to a conflict of interest"; "sentencing counsel does not appear to have consulted with trial counsel and did not review the transcripts of the trial"; and appellate counsel "has not had the opportunity to review the transcript and is unfamiliar with the trial proceedings." [Resp. 6] As a result, appellate counsel claims that "[a]ny issues that may have arisen at trial are completely unknown[.]" [Resp. 6]

3

**{5}** While we agree that "an aggrieved party shall have an absolute right to one appeal," *see* Art. VI, Sec. 2, N.M. Const., we are not convinced that Defendant has been denied his constitutional right to an appeal based on appellate counsel's assertions that potential appellate issues are unknown. [*See* Resp. 5-6] As appellate counsel points out, sentencing counsel filed a notice of appeal and docketing statement, which form the basis of the current appeal before this Court. [Resp. 4-6] Because sentencing counsel provided sufficient information to address the issue raised in the docketing statement, we deny Defendant's motion to reject the docketing statement.

**{6}** To the extent that Defendant seeks to amend the docketing statement to include an argument that he is being denied his right to an appeal, we are not persuaded. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). We construe appellate counsel's argument that the notice of appeal and docketing statement were incomplete [Resp. 6] as an ineffective assistance of counsel claim.

**{7}** "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19,

4

132 N.M. 657, 54 P.3d 61. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Id.* "Habeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims, because the record before the trial court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (alternation, internal quotation marks, and citation omitted). As such, Defendant's ineffective assistance of counsel claim is more appropriately addressed through habeas proceedings.

**Motion for New Trial**

{8}     In our notice of proposed disposition, we proposed to conclude that the district court properly concluded that it lacked jurisdiction to rule on Defendant's untimely motion for a new trial. [CN 1-5] Therefore, we proposed to affirm. [CN 1, 5] In response, Defendant maintains that the district court erred in denying this motion. [Resp. 6-8]

{9}     Although Defendant acknowledges that he filed his motion late, he claims that he filed his self-represented motion for a new trial late without the benefit of counsel.

5

[Resp. 6-8] Defendant alleges that he and trial counsel began to disagree at trial and he did not have adequate representation between trial and sentencing. [Resp. 6-8] Recognizing that he sought to represent himself with respect to the motion for a new trial [Resp. 3-4, 6-9] and recognizing that the district court held a hearing and permitted Defendant to represent himself on this motion [Resp. 8-9, n.2 ; *see also* 2 RP 337], Defendant now contends that the district court did not make "a clear finding on the record that [Defendant] had knowingly, voluntarily, and intelligently waived his right to counsel and had elected to proceed pro se." [Resp. 8 (footnote omitted)] These assertions do not rebut the fact that the motion for a new trial was untimely filed and deprived the district court of jurisdiction to rule on the motion. Thus, we are not persuaded.

**CONCLUSION**

{10}    For the reasons stated in our notice of proposed disposition and herein, we affirm.

{11}    **IT IS SO ORDERED.**


_____
                                         **MICHAEL E. VIGIL, Judge**


**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**


_____
**STEPHEN G. FRENCH, Judge**