This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                 **No. A-1-CA-36107**

**ABRAN RIVAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Aja Oishi, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant-Appellant Abran Rivas ("Defendant") appeals from his convictions of second degree kidnaping and aggravated battery against a household member. We previously issued a notice of proposed summary disposition in which we proposed to

affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}    The pertinent background information was set forth in the notice of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3}    In the memorandum in opposition, Defendant reiterates his position that he was denied the right to effective assistance of counsel. [MIO 1, 2-4] Defendant asserts that his attorney was ineffective in recommending that he plead no contest to the charges. [Id.] As we stated in our calendar notice, however, "if a defendant fails to file a motion to withdraw a plea in the district court, he or she cannot attack the plea for the first time on direct appeal" and must seek relief in collateral proceedings. *State v. Andazola*, 2003-NMCA-146, ¶ 25, 134 N.M. 710, 82 P.3d 77. Defendant acknowledges that he did not so move below, but asserts that this failure was itself ineffective assistance of counsel. [MIO 4] Because the latter argument involves facts not in the record on appeal, we do not consider it further. *See State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition.").

**{4}** Defendant further argues that his attorney was ineffective at sentencing because "she did not cross-examine the alleged victim about inconsistencies between the statements in the affidavit accompanying the arrest warrant and the testimony the alleged victim gave at sentencing." [MIO 3] According to the docketing statement, however, the victim did not testify at sentencing. [DS 4-5] Therefore, we hold that Defendant's argument lacks a factual premise. *See Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341 (stating that we will accept the factual assertions in the docketing statement unless the record on appeal shows otherwise). In any event, the extent to which an attorney cross-examines a witness is a matter of tactics and strategy which we will not second-guess on appeal. *See State v. Trejo*, 1972-NMCA-019, ¶¶ 13-14, 83 N.M. 511, 494 P.2d 173 (rejecting the defendant's claim of ineffective assistance of counsel premised on deficiently conducted cross-examination).

**{5}** Defendant also argues for the first time that his kidnaping conviction is not supported by substantial evidence. [MIO 1; DS 6] We construe this portion of the memorandum in opposition as a motion to amend the docketing statement. We further conclude that the motion raises an issue that is not viable and deny the same. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (holding that this Court will deny motions to amend a docketing statement that raise issues that are not

3

viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. Specifically, because Defendant pled no contest to kidnaping below, and because we decline to review the validity of his plea for the first time on appeal, *supra*, we hold that any challenges to the sufficiency of the evidence in support of that conviction have been waived. *See State v. Hodge*, 1994-NMSC-087, ¶ 14, 118 N.M. 410, 882 P.2d 087 ("[A] voluntary [no contest] plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds.").

{6}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{7}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JULIE J. VARGAS, Judge**

_____

**HENRY M. BOHNHOFF, Judge**