This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JENNIFER PADILLA,**

Petitioner-Appellee,

**v.**                                               **No. A-1-CA-36270**

**JONATHAN MUNIZ,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Judge**

Monica D. Baca
Albuquerque, NM

for Appellee

Crowley & Gribble, P.C.
Clayton E. Crowley
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Respondent-Appellant Jonathan Muniz (Father) appeals from the district court's

order rejecting his objection to an order of protection entered by a domestic violence commissioner on December 9, 2016, and adopting the order of protection as the order of the district court on January 24, 2017. We previously issued a second notice of proposed summary disposition in which we proposed to affirm. Father has filed a response, which we construe as a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} The pertinent background information was set forth in our notices of proposed summary disposition. We will avoid undue repetition here, and focus instead on the content of the memorandum in opposition.

{3} As an initial matter, we note that together with the memorandum in opposition, Father submitted a copy of CYFD's administrative review results, dated June 22, 2017. [MIO Exhibit 1] It is well established that "reference to facts not before the district court and not in the record is inappropriate and a violation of our Rules of Appellate Procedure." *Durham v. Guest*, 2009-NMSC-007, ¶ 10, 145 N.M. 694, 204 P.3d 19. Therefore, we will not consider Father's submission. *See id.*

{4} In the memorandum in opposition, Father asserts that "by relying on the 'allegations against Father' as contained in the written record, the Court deprives Father of his appeal as of right on the merits on the underlying case[,]" [MIO 1] and further asserts that "[o]nly the transcript from the merits hearing itself can shine a light

upon" whether Father's conduct was "reasonable in attempting to re-direct his son's behavior." [MIO 2] We disagree.

{5} We have repeatedly held that, at this stage of the appellate process, this Court may rely on the facts contained in the record proper, the docketing statement, and the parties' memoranda. *See, e.g., Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341. Absent a contradiction in the record, full review of the district court transcripts is not warranted. *Id.* ¶ 4. The memorandum in opposition was Father's opportunity to establish such a contradiction, *id.* ¶ 3, which he has failed to do. As such, we presume correctness and affirm. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate courts presume that the trial court is correct, and the burden is on the appellant to clearly demonstrate error); *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 (stating that if the record is doubtful or deficient, we will indulge every presumption in support of the district court's judgment).

{6} The memorandum in opposition also contains the conclusory statement that "there was no competent evidence of the daughter's distress." [MIO 2] Under our rules of appellate procedure, the appellant is required to provide a summary of the facts relevant to the issues presented for review in the docketing statement. *See* Rule

12-208(D)(3) NMRA. As we alerted Father in our second calendar notice, the docketing statement was deficient in this regard, and Father's memorandum in opposition has failed to cure this deficiency. Father's assertion, whether viewed as a legal conclusion or a factual statement that no evidence was presented, is insufficient. As the appellant, it is incumbent upon Father to describe all relevant evidence presented below to allow this Court to review whether a reasonable fact-finder could have inferred the presence of the requisite level of distress; contrary to Father's position, this requirement does not amount to having to prove a negative. [MIO 2] Because Father has failed to do so, we presume correctness and affirm. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8; *Sandoval*, 2009-NMCA-095, ¶ 65.

{7} Accordingly, for the reasons stated above and in our first and second notices of proposed summary disposition, we affirm.

{8} **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**J. MILES HANISEE, Judge**

4