This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38755

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

Petitioner-Appellee,

v.

**VERONICA R.,**

Respondent-Appellant,

and

**JOHNATHAN H. a/k/a JONATHAN H.**
**a/k/a JONATHON H.,**

Respondent,

**IN THE MATTER OF ALEJANDRA R.**
**and ADRIANNA R.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Thomas F. Stewart, District Judge**

Children Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Rio Law Firm
Francis J. Rio, III
Clovis, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Respondent (Mother) appeals from the district court's judgment terminating her parental rights. This Court issued a notice of proposed disposition proposing to affirm. In response, Mother has filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm the termination of Mother's parental rights.

**{2}** In her MIO, Mother reasserts the challenges to the district court's findings as they were raised in her docketing statement. With regard to these issues, Mother's MIO fails to persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. However, Mother has argued that she was unable to present new facts or arguments in the absence of a full record of proceedings. She asserts that, in order to fully address these issues, the matter must be placed on the general calendar. We disagree.

**{3}** "It has never been held that a complete verbatim transcript of proceedings is necessary to afford adequate appellate review." *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353. In cases assigned to the summary calendar, the docketing statement serves as "an adequate alternative to a complete transcript of proceedings[,]" unless the assertions of the docketing statement are contradicted by the record. *Id.* Under Rule 12-208 NMRA, it is trial counsel's responsibility to provide this Court with a full picture of the facts. Rule 12-208 sets forth the information that must be included in the docketing statement, including "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented[.]" Rule 12-208(D)(3). If this Court believes the facts that are contained in the docketing statement or contained in the record are sufficient to enable us to resolve the issues raised on appeal, we will assign the case to the summary calendar, as was done in this case. *See Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341.

**{4}** Although this Court explained in its notice of proposed disposition that the facts as outlined in Mother's docketing statement were deficient, deficiencies in an appellant's factual recitation do not necessarily preclude resolution on the summary calendar. *Id.* ¶ 4. Concluding that we had sufficient information for a clear disposition of the issues, based on the facts contained in both the docketing statement and the record, we proposed to affirm.

**{5}** Mother has not argued in her MIO that the facts are not as stated in our notice of proposed disposition. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."); *see also Udall*, 1998-NMCA-162, ¶ 4 (explaining that where the appellee asserts the facts are not as stated and, as a result, there is some question regarding the material facts the case may be assigned to the general calendar). Mother instead speculates that additional facts may exist in the record which tend to support her position. [MIO 19-20] And, without citation to specific facts or evidence, Mother argues generally that her assertions would be established if given the opportunity to undertake a thorough review of the termination of parental rights hearing. [MIO 11-12] Reassignment to the general calendar is, therefore, inappropriate. *State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 ("It has long been recognized by this [C]ourt that the appellate rules do not allow appellate counsel to pick through the record for possible error.").

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**