This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38578**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**IGNACIA K.,**

      Respondent-Appellant,

and

**ANTHONY G., WILLIAM W.,
and LOYDALE K.,**

      Respondents,

**IN THE MATTER OF ISIAH S.S.,
and FAITH W.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
David P. Reeb, Jr., District Judge**

Children Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker

El Prado, NM

for Appellant

Herrmann & Sumrall, P.C.
Benjamin E. Herrmann
Clovis, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Respondent Ignacia K. (Mother) appeals the termination of her parental rights. This Court proposed summary affirmance. Mother filed a memorandum in opposition (MIO), which we have duly considered. Unpersuaded, we affirm.

**{2}** Mother continues to challenge the sufficiency of the evidence to support the termination of her parental rights, arguing specifically that Children, Youth and Families Department (CYFD), failed to make reasonable efforts to assist Mother in working her treatment plan, and requesting reassignment to this Court's general calendar. [MIO 5, 11, 13, 14] In so arguing, Mother repeats facts she previously set forth in her docketing statement. [DS 3-12; MIO 13; CN 3-6] Mother has not argued in her MIO that the facts are not as stated in our notice of proposed disposition. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."); *see also Udall v. Townsend*, 1998-NMCA-162, ¶ 4, 126 N.M. 251, 968 P.2d 341 (explaining that where appellee asserts the facts are not as stated and, as a result, there is some question regarding the material facts the case may be assigned to the general calendar). Instead, Mother argues generally that her assertions could be established if given the opportunity to undertake a thorough review of the termination of parental rights hearing. [MIO 11, 14] Reassignment to the general calendar is therefore inappropriate. *State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 ("It has long been recognized by this [C]ourt that the appellate rules do not allow appellate counsel to pick through the record for possible error.").

**{3}** In our notice of proposed disposition, we proposed to conclude that there was sufficient evidence supporting the district court's finding that CYFD made reasonable efforts to assist Mother, and that, more generally, there was sufficient evidence supporting the termination of Mother's parental rights. [CN 6-9] Mother's reiteration of certain facts fails to persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003

(stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We direct Mother to our proposed disposition for our full analysis.

{4}     In sum, we identify no error in the district court's determination that CYFD acted reasonably in assisting Mother. [2 RP 420, ¶ 2] *See State ex rel. Children, Youth & Families Dep't v. Keon H.*, 2018-NMSC-033, ¶ 41, 421 P.3d 814 (noting that, in reviewing the district court's conclusion regarding reasonable efforts, we consider the totality of the circumstances); *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 28, 132 N.M. 299, 47 P.3d 859 ("[O]ur job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law."). Further, the facts contained in the docketing statement and the record proper are sufficient to enable this Court to resolve the issues raised on appeal, making summary disposition appropriate. *See Udall*, 1998-NMCA-162, ¶ 3; *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 ("It has never been held that a complete verbatim transcript of proceedings is necessary to afford adequate appellate review."). For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's termination of Mother's parental rights.

{5}     IT IS SO ORDERED.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**MEGAN P. DUFFY, Judge**