This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39303

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**ALYSSA H.,**

Respondent-Appellant,

**In the Matter of CARSON H.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Lee A. Kirksey, District Judge**

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Mother appeals from the district court's judgment terminating her parental rights. We issued a notice of proposed disposition, proposing to affirm. Mother has responded to our notice with a memorandum in opposition. Unpersuaded, we affirm.

**{2}** On appeal, Mother challenges the sufficiency of the evidence to establish that Children, Youth & Families Department (CYFD) made reasonable efforts to assist Mother [DS 5] and that the causes and conditions of the neglect are unlikely to change in the foreseeable future [DS 6]. To avoid the unnecessary duplication of efforts, we do not restate our proposed analysis and focus on the arguments made in response to our notice.

**{3}** In her memorandum in opposition, Mother contends that our assignment of this appeal to the summary calendar, despite the inadequate facts provided in the docketing statement, violates due process. [MIO 1-8] Mother makes no argument that our notice inaccurately described the facts of the case or the evidence presented, however. Our understanding of the evidence was derived from the district court's order containing thorough findings of fact and conclusions of law. Consistent with the presumption of correctness in the district court's rulings, with which we approach every case, we require appellants to directly attack findings or be bound by those facts on appeal. *See Baker v. Endeavor Servs., Inc.*, 2018-NMSC-035, ¶ 2, 428 P.3d 265 ("Unless findings are directly attacked, they are the facts in this court, and a party claiming error on the part of the trial court must be able to point clearly to the alleged error." (internal quotation marks and citation omitted)). Mother has not attacked any findings or our understanding of the facts and thus is bound by those facts.

**{4}** We also note that "[n]either due process nor equal protection requires assignment to one calendar or the other." *Udall v. Townsend*, 1998-NMCA-162, ¶ 7, 126 N.M. 251, 968 P.2d 341. "Nor is a party entitled to a particular calendar assignment." *Id.* "Further, it is neither necessary nor appropriate to provide reasons for assigning [a case to any particular] calendar." *Id.* Accordingly, we do not address this matter further.

**{5}** Next Mother asserts in her response to our notice that she pled no contest to allegations that do not support the adjudication of abuse or neglect. [MIO 8-14] This matter was not argued in district court or in her docketing statement. Mother needs to have filed a motion to amend the docketing statement to seek to add a challenge to her plea and would need to, among other things, state all facts material to a consideration of the new issue sought to be raised and explain how the issue was properly preserved or why it may be raised for the first time on appeal. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. Mother's memorandum in opposition complies with neither of these requirements.

**{6}** The record shows that Mother initially wished to relinquish her rights to Child because she did not want to stop her drug use, then changed her mind, pled no contest,

and stipulated that Child was a neglected child under the Children's Code. [RP 49-50, 53-56, 145] Under Rule 10-342(C)(3) NMRA, Mother's plea of no contest to the allegation that Child was neglected results in a finding of neglect, which can be used to establish the fact of neglect in a hearing to terminate parental rights. Mother does not establish error in the district court taking judicial notice of its finding of neglect and not adjudicating that finding at the termination hearing. *See* Rule 11-201(B)(2) NMRA ("The court may judicially notice a fact that is not subject to reasonable dispute," including facts that are capable of "accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶ 13, 120 N.M. 463, 902 P.2d 1066, (citing to our Supreme Court's opinion, *In re Adoption of J.J.B.*, 1995-NMSC-026, ¶ 38, 119 N.M. 638, 894 P.2d 994, whereby the Court explained that "parental unfitness is inherent in a finding by the district court that any of these conditions [i.e., abuse or neglect] exist, and no separate showing or finding by the court with reference to unfitness is necessary," and thereby holding "[a] separate finding of parental unfitness was therefore not necessary").

**{7}** Mother gives us no indication that she raised these challenges to her plea in district court, argued that her plea was involuntary, appealed from the dispositional order, or in any way sought to avoid the consequences of her plea. Also, Mother does not explain why she can challenge the stipulated adjudication of neglect for the first time on appeal or why she is doing so for the first time in a memorandum in opposition. We have held that a parent who never moved to revoke or withdraw her plea at any time in district court has waived her issues concerning the plea and cannot raise them for the first time on appeal. *See State ex rel. Children, Youth & Families Dep't v. Amy B.*, 2003-NMCA-017, ¶ 9, 133 N.M. 136, 61 P.3d 845.

**{8}** We also note that we are not persuaded by Mother's characterization of the issue as one of first impression asking whether fetuses are neglected children under the Abuse and Neglect Act. [MIO 9-11] This Court has addressed whether a child born drug-exposed is considered abused or neglected in *State ex rel. Children, Youth & Families Dep't v. Amanda H.*, 2007-NMCA-029, ¶¶ 21-24, 141 N.M. 299, 154 P.3d 674. Supporting our conclusion that Mother must first move to withdraw her plea in district court, this Court determined in *Amanda H.* that this is a fact-intensive inquiry after an adjudication of all the evidence presented, examining the extent of the baby's drug exposure in utero, the impact of the mother's drug use on the baby's health, the baby's toxicology report, the mother's prenatal treatment, the mother's drug habits, and the mother's behavior at the hospital. *Id.* Because Mother has not provided us with all the facts and arguments relevant to her issue, and because Mother cannot challenge the basis for her plea for the first time on appeal, we need not address this matter further.

**{9}** Lastly, Mother contends that CYFD failed to make reasonable efforts to reunify the family. [MIO 14-16] Mother does not specifically dispute any of the facts upon which our notice relied, but complains about the short time in which CYFD moved to terminate her parental rights and characterizes CYFD's efforts as punitive rather than supportive. [MIO 14-16] The Abuse and Neglect Act does not identify a minimum amount of time in

which CYFD is required to wait before moving to terminate parental rights. Thus, we look to see whether CYFD satisfied its statutory requirement to use reasonable efforts.

**{10}** Our notice detailed the relevant authorities for assessing the reasonableness of CYFD's efforts [CN 4, 6]; and it detailed the substantial efforts CYFD made to assist Mother with her drug addiction, parenting skills, lack of housing and employment, and therapeutic needs, and the ways in which Mother refused to take advantage of any of those efforts [CN 5-6]. To the extent Mother complains that CYFD did not make her drug addiction and chosen rehabilitation center the focus of her treatment, [MIO 15-16] we are not persuaded by this unsubstantiated characterization and emphasize that "CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent." *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859. Mother makes no additional arguments that persuade us that our proposed analysis was incorrect.

**{11}** For the reasons stated in our notice and in this opinion, we affirm the termination of Mother's parental rights.

**{12}   IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**