This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38687**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ERNESTO RIVERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals from his convictions for possession of a stolen motor vehicle and conspiracy to possess the same. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to assert that the evidence was not sufficient to support his convictions. In support of this contention, Defendant asserts that this Court relied on facts outside the docketing statement to

propose to affirm. [DS 1] Defendant additionally requests that we place this matter on the general calendar due to the docketing statement's poor factual recitation. [MIO 3]

{3}     We first address Defendant's contention that this Court has improperly speculated as to the facts. [MIO 1] In our notice of proposed disposition, we explained that the facts outlined in Defendant's docketing statement did not appear to comply with trial counsel's obligation to provide this Court with a full picture of the facts, *see* Rule 12-208 NMRA, in that Defendant appeared to describe only those facts most favorable to Defendant's position. [CN 7, 10] To explain this admonition, we noted, based on the record, that there appeared to be additional evidence that was not described in the docketing statement and which might tend to "tie Defendant to Frederick Navarro" and, if presented to the jury, would have provided additional circumstantial evidence supporting both convictions. [CN 7; 10] Nevertheless, we explicitly relied only upon the evidence as described in the docketing statement to support our proposed affirmance as to Defendant's conviction for possession of a stolen motor vehicle. [CN 7-8] We additionally suggested that because the docketing statement had provided sufficient evidence to establish Defendant's knowledge that the vehicle was stolen, Defendant had failed to establish error with regard to his claim that the evidence was insufficient to establish the requisite intent to enter into a conspiracy absent evidence of this knowledge. [CN 9]

{4}     However, with regard to his conviction for conspiracy, Defendant's docketing statement also claimed that that "[t]here was an issue about whether [Defendant] knew a Frederick Navarro or an Emmanuel Navarro." [DS 5] With regard to this assertion, we suggested again that Defendant had failed to provide this Court with the necessary facts to review this claim of error, *see* Rule 12-208(D)(3), noting that Defendant had "completely omitted any facts" relating to Defendant's relationship with any Navarro, including Frederick Navarro. [CN 9] Again, we based this admonition on information of record, explaining that information contained within the affidavit supporting the criminal complaint suggested that the jury may have heard relevant evidence not described within the docketing statement. [CN 9] Nevertheless, given that Defendant's docketing statement asserted that Defendant "admitted to knowing someone named Navarro[,]" [DS 5] we suggested that the issue related to a conflict of evidence. [CN 5-6, 9] Specifically, we noted that the jury was free to reject Defendant's claim that he knew an Emmanuel Navarro, rather than Frederick Navarro [CN 9], particularly given that Defendant's apparent failure "to have offered a satisfactory explanation for his brief possession or storage of the vehicle while it was listed for sale by Frederick Navarro." [CN 5-6] *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

{5}     Although we explained why Defendant had failed to demonstrate error with regard to his claim that the evidence was insufficient to support his conviction for conspiracy, given Defendant's apparent omission of facts and his unclear assertion of error, we ultimately relied on the presumption of correctness to propose affirmance. [CN 11] *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211. And, to the

extent Defendant continued to seek review of the sufficiency of the evidence to support the conviction, we requested Defendant to provide in his memorandum in opposition a full summary of the facts material to a consideration of his challenge. [CN 10-11] Rather than comply with this request, Defendant instead argues in his memorandum in opposition that this Court should have rejected the docketing statement and now must place the matter on general calendar. [MIO 2-3] We disagree.

**{6}**     "It has never been held that a complete verbatim transcript of proceedings is necessary to afford adequate appellate review." *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353. And, deficiencies in an appellant's factual recitation do not necessarily preclude resolution on the summary calendar. *See Udall v. Townsend*, 1998-NMCA-162, ¶ 4, 126 N.M. 251, 968 P.2d 341. If this Court believes the facts that are contained in the docketing statement or contained in the record are sufficient to enable us to resolve the issues raised on appeal, we will assign the case to the summary calendar, as was done in this case. *See id.* ¶ 3.

**{7}**     As discussed above, concluding that we had sufficient information for a disposition of the issues, based on the facts contained in the docketing statement and the issues as asserted by Defendant, we proposed to affirm. Significantly, while Defendant argues that this Court improperly speculated as to the facts, Defendant has not argued in his memorandum in opposition that the facts are not as stated in our notice of proposed disposition. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."); *see also Udall*, 1998-NMCA-162, ¶ 4 (explaining that where appellee asserts the facts are not as stated and, as a result, there is some question regarding the material facts the case may be assigned to the general calendar). And, although Defendant's memorandum in opposition argues that the fact that the jury rejected Defendant's testimony does not create substantial evidence to support his conviction [MIO 3-4], Defendant has failed to address or otherwise challenge our analysis of the evidence in support of his convictions. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. As such, Defendant has not persuaded us that our notice of proposed disposition was incorrect or that assignment to the general calendar is appropriate. *See id.*; *see also Udall*, 1998-NMCA-162, ¶ 3.

**{8}**     Defendant has not otherwise asserted any fact, law, or argument in his memorandum in opposition that persuades us that our notice of proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{9}** IT IS SO ORDERED.

KRISTINA BOGARDUS, Judge

WE CONCUR:

JACQUELINE R. MEDINA, Judge

MEGAN P. DUFFY, Judge