This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40418

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**DOMINIC S.,**

Respondent-Appellant,

and

**ROSE C.,**

Respondent,

**IN THE MATTER OF CRUZITO L.,
MALAKI L., MIA L., and MILENA L.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Father appeals the district court's order adjudicating Children abused and neglected. We issued a notice of proposed summary disposition proposing to affirm, and Father has responded with a timely memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded that our initial proposed disposition was incorrect. We therefore affirm the district court.

**{2}** Father first argues, pursuant to a motion to amend the docketing statement, that the district court erred in allowing testimony regarding Children's safe house interviews into evidence because such evidence was inadmissible hearsay. [MIO 5-6] For this Court to grant a motion to amend the docketing statement, the movant must establish good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *superseded by statute on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The movant must show that (1) the motion is timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *Moore*, 1989-NMCA-073, ¶ 42.

**{3}** Citing to a portion of the docketing statement, Father asserts in his memorandum in opposition that "[t]hese statements were introduced into evidence though the testimony of Department caseworkers and investigators and were derived from safe house interviews of Children." [MIO 5] However, our review of the cited portion of the docketing statement does not support appellate counsel's assertion that statements made by Children during the safe house interviews were introduced into evidence at the hearing. [DS 14-24] Rather, the docketing statement recounts in several places that the district court granted Father's motion in limine and ruled that no statements made in the safe house interviews could be introduced into evidence. [DS 4, 17, 19, 20] Moreover, Father does not identify with any specificity the content of the statements he contends were introduced into evidence. Rather, his docketing statement merely recites generally that statements were introduced while referring to portions of the docketing statement that do not support that assertion. *See Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341 ("While we rely in large part upon the appellant's statement of the facts, if the record shows otherwise, we will not accept that factual recitation.").

**{4}** The docketing statement does recount that the CYFD investigator testified that Children made unspecified statements that were consistent with their trial testimony during the safe house interviews. However, our rules of evidence provide that hearsay is "a statement that (1) the declarant does not make while testifying at the current trial or hearing, and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Rule 11-801(C) NMRA. Under Rule 11-801(C), testimony must contain an out-of-court statement in order to be considered hearsay. To the extent Father contends that this testimony from the CYFD investigator was hearsay, we disagree, as the testimony contains no actual statements made by Children as the out-of-court declarants. Without argument or explanation from Father as to how the testimony at issue should be considered hearsay, we are unpersuaded by Father's assertions.

**{5}** We note, however, that, even if hearsay statements from Children were improperly admitted into evidence, this case was before the district court judge and did not involve a jury. In such cases, we presume that the judge disregarded any improperly admitted evidence. Here, the district court, having ruled that statements from the safe house interviews were not admissible, is presumed not to have considered them. *See State v. Hernandez*, 1999-NMCA-105, ¶ 22, 127 N.M. 769, 987 P.2d 1156 ("We presume that a judge is able to properly weigh the evidence, and thus the erroneous admission of evidence in a bench trial is harmless unless it appears that the judge must have relied upon the improper evidence in rendering a decision."). Moreover, Father has not demonstrated in his memorandum in opposition that the district court must have relied on improper hearsay in reaching its decision, and in fact, Mya and Malakai both supplied ample evidence to support the district court's abuse and neglect adjudications with their in-court testimony at the adjudication hearing. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the trial court is correct, and the burden is on the appellant to clearly demonstrate that the trial court erred).

**{6}** For these reasons, we conclude that Father's issue is not viable, and we therefore deny the motion to amend the docketing statement. *See Moore*, 1989-NMCA-073, ¶¶ 42-43.

**{7}** Father also continues to argue that his right to due process was denied. Father first argues that without access to Children's safe house interviews, he had no way to adequately prepare a defense. [MIO 13] However, Father has not explained with any specificity how his ability to defend against the abuse allegations was impacted by a lack of access to the safe house interviews. [MIO 13] *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8 (stating that the burden is on the appellant to clearly demonstrate that the district court erred). We therefore reject this assertion of error.

**{8}** Finally, Father argues that he was denied his right to confront and cross-examine Children. As noted, however, both Malakai and Mya testified at the hearing and were cross-examined by Father's attorney. To the extent Father argues that he was hampered in his ability to cross-examine Children because he did not have access to the safe house interviews, we disagree. Father suggests that he was unable to rebut

Children's out-of-court statements; however, as discussed, Father has not established that any of Children's out-of-court statements were introduced into evidence. Moreover, because Father has failed to identify the substance of any out-of-court statements introduced into evidence, we cannot evaluate their impact on the adjudication hearing, if any. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alteration, internal quotation marks, and citation omitted)).

{9}     For these reasons, we conclude that Father has failed to establish reversible error, and we affirm the district court's abuse and neglect adjudication.

{10}    IT IS SO ORDERED.

KRISTINA BOGARDUS, Judge

WE CONCUR:

ZACHARY A. IVES, Judge

JANE B. YOHALEM, Judge